462 S.E.2d 120

**Paul J. HUSSKE, s/k/a Paul Josef Husske, Appellant,**

v.

**COMMONWEALTH of Virginia, Appellee.**

Record No. 0829–92–2.

Court of Appeals of Virginia.

Sept. 19, 1995.

Upon Rehearing En Banc

Steven D. Benjamin, Richmond (Betty Layne DesPortes; Steven D. Benjamin and Associates, on brief), for appellant.

Michael T. Judge, Asst. Atty. Gen. (James S. Gilmore, III, Atty. Gen.; Marla Lynn Graff, Asst. Atty. Gen., on briefs), for appellee.

Before MOON, C.J., and BAKER, BENTON, KOONTZ*, WILLIS, ELDER, BRAY and FITZPATRICK, JJ.

By opinion issued September 20, 1994, in *Husske v. Commonwealth*, 19 Va.App. 30, 448 S.E.2d 331 (1994), a panel of this Court reversed and remanded for retrial Husske's convictions of forcible sodomy, rape, robbery, and breaking and entering with intent to commit rape. On the Commonwealth's motion, we stayed the mandate of that decision and granted

---

* Justice Koontz participated in the hearing and decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

rehearing *en banc.* Upon rehearing *en banc,* the judgment of the trial court is affirmed by an evenly divided court.[1]

BENTON, and KOONTZ, JJ., dissenting.

Although the Court has determined that eight current members of this Court are evenly divided in their votes on the merits of this case, we believe that because Judge Barrow participated at the oral argument and conference of this case decision before his death the entire Court should rehear this appeal *en banc* before making a final disposition.

---

Accordingly, the opinion previously rendered by a panel of this Court on September 20, 1994 is withdrawn, the mandate entered on that date is vacated and the judgment of the trial court is affirmed. The appellant shall pay to the Commonwealth of Virginia thirty dollars damages.

It is ordered that the trial court allow counsel for the appellant a total fee of $800 for services rendered the appellant on this appeal, in addition to counsel's costs and necessary direct out-of-pocket expenses.

The Commonwealth shall recover of the appellant the amount paid court-appointed counsel to represent him in this proceeding, counsel's costs and necessary direct out-of-pocket expenses, and the fees and costs to be assessed by the clerk of this Court and the clerk of the trial court.

This order shall be published and certified to the trial court.

---

1. Judge Barrow sat for the argument in this case and participated in the initial conference, but died prior to decision without casting a vote.